

**UNITED STATES JUDICIAL PANEL**
on
**MULTIDISTRICT LITIGATION**

IN RE: MIDLAND CREDIT MANAGEMENT, INC.,
TELEPHONE CONSUMER PROTECTION ACT
(TCPA) LITIGATION                    MDL No. 2286

**TRANSFER ORDER WITH SIMULTANEOUS
SEPARATION AND REMAND**

**Before the Panel:** Plaintiffs in the action listed on Schedule A (*Miller*) move under Panel Rule 7.1 to partially vacate our order that conditionally transferred *Miller* to the Southern District of California for inclusion in MDL No. 2286. Plaintiffs argue that only the claim that defendant Midland Credit Management, Inc., violated the Telephone Consumer Protection Act, 47 U.S.C. § 227, should be transferred to MDL No. 2286, and that the non-TCPA claims and the claims against other defendants should be separated and remanded to the transferor court. Plaintiffs alternatively request that we vacate the conditional transfer order as to the entire action, with no separation and remand.

Defendants Encore Capital Group, Inc., Midland Funding, LLC, and Midland Credit Management, Inc. (collectively, Midland) agree that only the TCPA claim against Midland should be transferred to the MDL and do not oppose separating and remanding the remaining claims. Defendant Portfolio Recovery Associates (Portfolio) similarly supports separation and remand, though it further argues that the TCPA claim as to Portfolio should then be transferred to MDL No. 2295 – *In re Portfolio Recovery Associates, LLC, Telephone Consumer Protection Act (TCPA) Litigation*. Defendant Atlantic Credit and Finance, Inc. (Atlantic) did not respond to the motion and thus is deemed to acquiesce to it. *See* Panel Rule 6.1(c) ("Failure to respond to a motion shall be treated as that party's acquiescence to it.").

After considering the parties' arguments, we conclude that transfer of *Miller* under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. The actions in MDL No. 2286 involve allegations that Midland violated the TCPA by placing debt collection calls to debtors' cellular telephones using an automatic telephone dialing system or an artificial or prerecorded voice, without the debtors' consent. *See In re Midland Credit Mgmt., Inc., Tel. Consumer Prot. Act Litig.*, 818 F. Supp. 2d 1377 (J.P.M.L. 2011). Like those actions, plaintiffs in *Miller* allege that Midland sought to collect a debt by contacting plaintiffs on their cellular telephone using an automatic telephone dialing system or an artificial or prerecorded voice without their consent. This action thus will involve similar factual inquiries and discovery about Midland's collection call policies and procedures, as well as its policies and procedures for obtaining and recording a consumer's consent to receive collection calls.

-2-

We are persuaded that the non-TCPA claims and the claims against Atlantic and Portfolio should not be included in MDL No. 2286. Ordinarily, the presence of unique claims or defendants would not preclude transfer. *See In re Barclays Liquidity Cross & High Frequency Trading Litig.*, 67 F. Supp. 3d 1375, 1376 (J.P.M.L. 2014) ("Section 1407 does not require a complete identity or even a majority of common factual issues as a prerequisite to centralization."). Here, though, all the parties to *Miller* agree that only the TCPA claim against Midland should proceed in MDL No. 2286. Furthermore, the exclusion of the non-TCPA claims and the claims against Atlantic and Portfolio will not, in this instance, adversely impact the overall progress of the MDL. *Cf. In re Watson Fentanyl Patch Prods. Liab. Litig.*, 883 F. Supp. 2d 1350, 1351–52 (J.P.M.L. 2012) (stating that the Panel "look[s] to the overall convenience of the parties and witnesses, not just those of a single plaintiff or defendant in isolation"). Accordingly, separate adjudication of these claims will better serve Section 1407's goals of efficiency and convenience.[1]

IT IS THEREFORE ORDERED that the action listed on Schedule A is transferred to the Southern District of California and, with the consent of that court, assigned to the Honorable Michael M. Anello for inclusion in the coordinated or consolidated pretrial proceedings.

IT IS FURTHER ORDERED that the non-TCPA claims (Counts I through V, the first Count VI (on page 9 of the Complaint), and Count VII) and the TCPA claims against Atlantic and Portfolio (contained in the second Count VI, on page 10 of the Complaint) in the action listed on Schedule A are separated and remanded to the Southern District of West Virginia.

PANEL ON MULTIDISTRICT LITIGATION

Sarah S. Vance
Chair

Marjorie O. Rendell     Charles R. Breyer
Lewis A. Kaplan     Ellen Segal Huvelle
R. David Proctor     Catherine D. Perry

I hereby attest and certify on Oct 04, 2017 that the foregoing document is a full, true and correct copy of the original on file in my office and in my legal custody.

Clerk, U.S. District Court
Southern District of California

By: s/ J. Gutierrez
Deputy

---

[1] Following separation and remand, Portfolio may re-notice *Miller* for transfer to MDL No. 2295. Should it do so, the Panel will consider the appropriateness of such transfer in due course.

**IN RE: MIDLAND CREDIT MANAGEMENT, INC.,**
**TELEPHONE CONSUMER PROTECTION ACT**
**(TCPA) LITIGATION**                                                    MDL No. 2286

## SCHEDULE A

<u>Southern District of West Virginia</u>

MILLER, ET AL. v. MIDLAND CREDIT MANAGEMENT, INC., ET AL.,
    C.A. No. 3:17-03429